UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

BAOMIN ZHOU,

                           Plaintiff,                    Case No: 1:19-cv-3537

        v.                                               **COMPLAINT**
WAI REALTY CORP.; QUEEN'S JADE, INC.; JOHN               **JURY TRIAL DEMANDED**
WAI; and DING WAI,

                           Defendants.
-----------------------------------------------------------------x

        Plaintiff, BAOMIN ZHOU ("Plaintiff"), by and through his attorney, The Harrison Law

Firm P.C., hereby brings this complaint against Defendants, WAI REALTY CORP., QUEEN'S

JADE, INC., JOHN WAI, and DING WAI (collectively, the "Defendants") and alleges as

follows:

## INTRODUCTION

        1.      Plaintiff brings this action against Defendants for violations of the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 et seq. (hereinafter the "FLSA"), and the New York

Labor Law, N.Y. Lab. Law § 1 et seq. (hereinafter the "NYLL"), arising from Defendants'

willful and unlawful employment policies, patterns, and practices.

        2.      Defendants have willfully and intentionally committed widespread violations of

the FLSA and NYLL by engaging in a pattern and practice of failing to pay Plaintiff minimum

wage compensation as well as overtime wage compensation.

        3.      Defendants failed to provide a Time of Hire Notice detailing rates of pay and

payday information.

1

4.     Defendants failed to provide paystubs that accurately and truthfully listed Plaintiff's hours worked; Plaintiff's rate or rates of pay; any deductions made from Plaintiff's wages; any allowances claimed as part of the minimum wage; and Plaintiff's gross and net wages for each pay day.

5.     Defendants failed to pay Plaintiff "spread of hours" premiums for shifts of more than ten hours in a single day.

6.     Defendants refused to record all of the time that Plaintiff worked, including work done in excess of forty hours each week.

7.     Plaintiff is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest, (5) statutory penalties, (6) liquidated damages, and (7) litigation costs and reasonable attorneys' fees.

## JURISDICTION

8.     This Court has original federal question jurisdiction over this controversy pursuant to 28 U.S.C. § 1331 because Plaintiff's causes of action arise under the laws of the United States, specifically the FLSA.

9.     This Court has personal jurisdiction over all Defendants, because all Defendants do business in Queens County, New York, and maintain their principal places of business in Queens County, New York.

10.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because such state law claims are so related to Plaintiff's federal law claims that they form part of the same case or controversy.

2

**VENUE**

11.     Venue in the Eastern District is proper pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants are residents of New York and all Defendants reside in this district.

12.     Venue in the Eastern District is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**PLAINTIFF**

13.     Plaintiff is a natural person who was employed by Defendants as a building superintendent, handyman, and contractor at real properties owned by Defendants from June 1, 2016 through April 8, 2019.

**DEFENDANTS**

Corporate Defendants

WAI REALTY CORP.

15.     WAI REALTY CORP. is a domestic for-profit corporation organized under the laws of the State of New York with its principal place of business at 42-30 Union Street, Flushing, New York 11355.

16.     WAI REALTY CORP. is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

17.     At all times hereinafter mentioned, the activities of WAI REALTY CORP. constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r) and (s).

18.     Upon Plaintiff's information and belief, WAI REALTY CORP. purchased and handled goods that were moved in interstate commerce.

3

19.     At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by WAI REALTY CORP.

20.     At all relevant times, WAI REALTY CORP. was and still is an "employer" within the meaning of 29 U.S.C. § 203(d) and N.Y. Lab. Law § 190(3).

21.     At all relevant times, QUEEN'S JADE INC. was and is the owner of the apartment building located at 42-30 Union Street, Flushing, New York 11355.

QUEEN'S JADE INC.

22.     QUEEN'S JADE INC. is a domestic for-profit corporation organized under the laws of the State of New York with its principal place of business at 140-11 Ash Avenue, Flushing, New York 11355.

23.     QUEEN'S JADE INC. is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

24.     At all times hereinafter mentioned, the activities of QUEEN'S JADE INC. constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r) and (s).

25.     Upon Plaintiff's information and belief, QUEEN'S JADE INC. purchased and handled goods that were moved in interstate commerce.

26.     At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by QUEEN'S JADE INC.

27.     At all relevant times, QUEEN'S JADE INC. was and still is an "employer" within the meaning of 29 U.S.C. § 203(d) and N.Y. Lab. Law § 190(3).

28.     At all relevant times, QUEEN'S JADE INC. was and is the owner of the apartment building located at 140-11 Ash Avenue, Flushing, New York 11355.

Owner / Operator Defendants: JOHN WAI and DING WAI

22.     Upon Plaintiff's personal knowledge, at all relevant times JOHN WAI and DING WAI were in charge of all areas of QUEEN'S JADE INC. and WAI REALTY CORP., including the hiring, management, and termination of employees; determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load, and employment policy.

23.     JOHN WAI and DING WAI also had the ultimate decision-making authority over issues such as whether to pay minimum wages and overtime wages in accordance with the law.

24.     Upon Plaintiff's personal knowledge, at all relevant times JOHN WAI and DING WAI  acted directly or indirectly in the interest of QUEEN'S JADE INC. and WAI REALTY CORP. in relation to Plaintiff and other employees.

25.     At all relevant times, JOHN WAI and DING WAI were and are shareholders of QUEEN'S JADE INC. and WAI REALTY CORP.

## STATEMENT OF FACTS

25.     Defendants committed the following acts against Plaintiff knowingly, intentionally, and willfully.

Plaintiff's Wages

26.     Defendants hired Plaintiff full time on June 1, 2016.

27.     Plaintiff's title was superintendent of the building located at 41-40 Parsons Boulevard, Flushing, New York, 11355.

28.     From June 1, 2016 through October 30, 2018, Defendants paid Plaintiff a fixed wage of $2,000 per month, regardless of the number of hours that Plaintiff worked.

29.    From October 31, 2018 through April 8, 2019, Defendants paid Plaintiff a fixed wage of $2,200 per month, regardless of the number of hours that Plaintiff worked.

30.    Plaintiff's last day of work for Defendants was April 8, 2019.

31.    During the term of his employment, when Defendants did not require Plaintiff to perform the large renovation projects described below, Plaintiff worked at least 8 hours every day for at least 6 days every week.

32.    Defendants never paid Plaintiff any overtime wages for Plaintiff's work over 40 hours per week.

Defendants' Renovation Projects

33.    As a mandatory part of Plaintiff's regular job duties, Defendants required Plaintiff to perform handyman and contractor work at apartment buildings that Defendants owned.

34.    Plaintiff performed these projects at Defendants' direction and for the benefit of Defendants and Defendants' properties.

35.    During the term of Plaintiff's employment, Defendants required Plaintiff to perform the following large-scale renovation projects.

36.    Beginning in February 2017, Defendants required Plaintiff to work for 35 days in a row with no days off from 8 a.m. to 5 p.m. performing renovations at apartment 312 at 42-30 Union Street, Flushing, New York 11355.

37.    Beginning in May 2017, Defendants required Plaintiff to work for 35 days in a row with no days off from 8:00 a.m. to 6:00 p.m. performing renovations at apartment 1A at 41-40 Parsons Blvd., Flushing, NY 11355.

38.     At some time between May and November 2017, Defendants required Plaintiff to work for 14 days in a row with no days off for 10 hours per day performing renovations at apartment 3A at 41-40 Parsons Blvd., Flushing, NY 11355.

39.     At some time between May and November 2017, Defendants required Plaintiff to work for 7 days in a row with no days off for 10 hours per day performing renovations at apartment 6C at 41-40 Parsons Blvd., Flushing, NY 11355.

40.     At some time between May and November 2017, Defendants required Plaintiff to work for 14 days in a row with no days off for 10 hours per day performing renovations at apartment 6A at 41-40 Parsons Blvd., Flushing, NY 11355.

41.     At some time between May and November 2017, Defendants required Plaintiff to work for 7 days in a row with no days off for 10 hours per day performing renovations at apartment 5C at 41-40 Parsons Blvd., Flushing, NY 11355.

42.     At some time between May and November 2017, Defendants required Plaintiff to work for 14 days in a row with no days off for 10 hours per day performing renovations at apartment 5D at 41-40 Parsons Blvd., Flushing, NY 11355.

43.     In November 2017, Defendants required Plaintiff to work for 12 days in a row with no days off for ten hours per day performing renovations at unit 3J at 140-11 Ash Avenue, Flushing, New York 11355.

44.     In April 2018, Defendants required Plaintiff to work for 23 days in a row with no days off from 8:00 a.m. to 7:00 p.m. every day performing renovations at unit 1A at 46-06 Smart St., Flushing, New York 11355.

45.     In June 2018, Defendants required Plaintiff to work for 25 days in a row with no days off from 8:00 a.m. to 7:00 p.m. every day performing renovations at unit 4F at 46-06 Smart St., Flushing, New York 11355.

46.     For each of these renovation projects, Defendants did not pay Plaintiff any amount above his regular fixed monthly wage.

47.     For each of these renovation projects, Defendants did not pay Plaintiff any overtime wages for the time Plaintiff worked more than 40 hours in a given week.

48.     For each of these renovation projects, no other person or entity paid Plaintiff any amount.

Compliance

49.     At all relevant times, Defendants knowingly, intentionally, and willfully failed to pay Plaintiff his lawful overtime compensation of one and one half times his regular rate of pay for all hours worked over forty in a given work week.

50.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

51.     Plaintiff frequently worked more than ten hours in a single day.

52.     Although Plaintiff regularly worked more than ten hours in a single day, Defendants never paid Plaintiff the required spread of hours payment.

53.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

54.     At all relevant times, Defendants knowingly, intentionally, and willfully failed to provide Plaintiff with a Time of Hire Notice in English and in Mandarin Chinese (Plaintiff's primary language) containing Plaintiff's rate or rates of pay and the basis thereof; whether paid

by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

55.     At all relevant times, Defendants knowingly, intentionally, and willfully failed to provide Plaintiff with an accurate statement of wages containing the dates of work covered by that payment of wages; the name of the employee; the name of the employer; the address and phone number of the employer; the rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

56.     At all relevant times, Defendants failed to allow Plaintiff any time for lunch or dinner breaks.

57.     At Defendants' direction and instruction, Defendants knowingly, intentionally, and willfully failed to post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

## STATEMENT OF CLAIMS

### Count 1. FLSA Minimum Wage Violations

### (Plaintiff against All Defendants)

58.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

59.     Defendants are an "enterprise" as defined by 29 U.S.C. § 203(r)(1) and are engaged in commerce within the meaning of 29 § 203(b), (s)(1).

60.     At all relevant times, Defendants were covered employers under the FLSA.

61.     Plaintiff was not exempt from the requirement that Defendants pay Plaintiff the prevailing minimum wage under the FLSA.

62.     Defendants failed to pay Plaintiff the prevailing minimum wage for all hours that Plaintiff worked.

63.     As a result of their failure to pay Plaintiff the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

64.     Defendants' conduct constitutes willful violations of the FLSA.

65.     Defendants' violations of the FLSA significantly damaged Plaintiff.

66.     Plaintiff is entitled to recover the total amount of his unpaid minimum wages, an additional equal amount in liquidated damages, costs, reasonable attorneys' fees, and interest.

## Count 2. NYLL Minimum Wage Violations

### (Plaintiff against All Defendants)

66.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

67.     At all relevant times, Defendants were covered employers under the NYLL.

68.     The NYLL requires covered employers such as Defendants to pay all nonexempt employees the prevailing minimum wage for all hours worked.

69.     Plaintiff was not exempt from the requirement that Defendants pay him the prevailing minimum wage under the NYLL.

70.     Defendants failed to pay Plaintiff the prevailing minimum wage for all hours that Plaintiff worked for Defendants.

71.     As a result of Defendants' failure to pay Plaintiff the prevailing minimum wage for all hours, Defendants violated the NYLL.

72.     Defendants' violations of the NYLL have significantly damaged Plaintiff.

73.     Plaintiff is entitled to recover the total amount of his unpaid minimum wage, liquidated damages, costs, reasonable attorneys' fees, and interest.

### Count 3. FLSA Overtime Wages Violations

### (Plaintiff against All Defendants)

73.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

74.     At all relevant times, Plaintiff regularly worked in excess of forty hours per workweek.

75.     At all relevant times, Defendants operated under a decision, policy, and plan of willfully failing and refusing to pay Plaintiff at one and one-half times his hourly wage for all work in excess of forty hours per workweek.

76.     At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rate of one and one-half times his hourly wage for all hours worked in excess of forty hours per workweek.

77.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover damages in the amount of his unpaid overtime compensation, liquidated damages, costs, reasonable attorneys' fees, and interest.

### Count 4. NYLL Overtime Wages Violations

### (Plaintiff against All Defendants)

78.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

79.     Plaintiff regularly worked in excess of forty hours per workweek.

80.     At all relevant times, Defendants operated under a decision, policy, and plan of willfully failing and refusing to pay Plaintiff at one and one-half times Plaintiff's hourly wage for all work in excess of forty hours per workweek.

81.     At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rate of one and one-half times his hourly wage for all hours that Plaintiff worked in excess of forty hours per workweek.

82.     Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants damages in the amount of Plaintiff's unpaid overtime compensation, liquidated damages, costs, reasonable attorneys' fees, and interest.

### Count 5. NYLL Spread of Hours Pay Violations

### (Plaintiff against All Defendants)

91.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

92.     At all relevant times, Plaintiff regularly worked more than ten hours in a single workday.

93.     For days on which Plaintiff worked more than ten hours in a single workday, Defendants failed to fully compensate Plaintiff for one hour's pay at the basic New York minimum hourly wage rate, as required by New York law as "spread of hours" pay.

94.     Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants the spread of hours pay underpayment, liquidated damages, as well as attorneys' fees, costs, and interest.

### Count 6. NYLL Meal Time Violations

### (Plaintiff against All Defendants)

95.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

96.     At all relevant times, Defendants failed to provide Plaintiff with any time for the noon day meal.

97.     Plaintiff worked shifts that started before eleven o'clock in the morning and continued later than seven o'clock in the evening.

98.     Defendants failed to allow an additional meal period between five and seven o'clock in the evening.

99.     Defendants' failure to provide the meal periods was not in good faith.

100.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants compensatory damages, liquidated damages, costs, reasonable attorneys' fees, and interest.

### Count 7. NYLL Record-Keeping Violations

### (Plaintiff against All Defendants)

101.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

102.    Defendants did not maintain, establish, and preserve Plaintiff's periodic payroll records for a period of not less than six years.

103.    As a result of Defendants' unlawful conduct, Plaintiff has sustained damages, including loss of earnings in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorneys' fees.

104.    Upon Plaintiff's information and belief, Defendants failed to maintain adequate and accurate written records of Plaintiff's actual hours worked and true wages earned by Plaintiff.

105.    Defendants' conduct constitutes willful violations of the NYLL and/or its regulations.

106.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to damages, costs, reasonable attorneys' fees, and injunctive and declaratory relief.

**Count 8. NYLL Time of Hire Wage Notice Requirement Violations**

**(Plaintiff against All Defendants)**

107.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

108.    At all relevant times, Defendants were covered employers under the NYLL.

109.    Defendant failed to supply Plaintiff with notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff as Plaintiff's primary language, containing Plaintiff's rate or rates of pay and the basis thereof; whether paid by the hour, shift,

day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

110. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

111. Due to Defendants' violations of the NYLL, Plaintiff is entitled to damages, costs, reasonable attorneys' fees, and injunctive and declaratory relief.

**Count 9. Failure to Furnish Accurate Wage Statements in Violation of NYLL § 195**

**(Plaintiff against All Defendants)**

112. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

113. At all relevant times, Defendants were covered employers under the NYLL.

114. The NYLL requires covered employers, such as Defendants, to furnish wage statements to its employees with every payment of wages and to provide wage notices.

115. Plaintiff was not exempt from this requirement.

116. Defendants failed to supply Plaintiff with an accurate statement of wages containing the dates of work covered by that payment of wages; the name of the employee; the name of the employer; the address and phone number of the employer; the rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other;

gross wages; hourly rate or rates of pay; overtime rate or rates of pay if applicable; the number of

hours worked, including overtime hours worked if applicable; deductions; and net wages.

117.    Defendants' conduct constitutes willful violations of the NYLL and/or its

regulations.

118.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to damages, costs,

reasonable attorneys' fees, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that this Court enter a judgment providing

the following relief:

A.    Declare that Defendants' practices complained of herein are unlawful under

applicable federal and state law;

B.    Enjoin Defendants and their officers, agents, successors, employees,

representatives, and any and all persons acting in concert with them as provided by law from

engaging in each of the unlawful practices and policies set forth herein;

C.    Determine the damages sustained by Plaintiff as a result of Defendants' violations

of the FLSA and award those damages against Defendants and in favor of Plaintiff, plus an

additional and equal amount as liquidated damages pursuant to the FLSA and supporting

regulations, as well as such pre-judgment and post-judgment interest as may be allowed by law;

D.    Determine the damages sustained by Plaintiff as a result of Defendants' violations

of the NYLL and/or its regulations and award those damages against Defendants and in favor of

the Plaintiff, plus liquidated damages in the amount of one hundred percent of such damages

pursuant to the New York Wage Theft Prevention Act, as well as such pre-judgment and postjudgment interest as may be allowed by law;

E.       Award Plaintiff an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

F.       Award Plaintiff liquidated and/or punitive damages as a result of Defendants' willful failure to pay "spread of hours" premiums pursuant to the NYLL;

G.       Award Plaintiff the maximum amount allowed by law for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

H.       Award Plaintiff the maximum amount allowed by law for Defendants' failure to provide a paystub that lists the employee's name, employer's name, employer's address and telephone number, the employee's rate or rates of pay, any deductions made from the employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

I.       Award Plaintiff statutory damages for Defendants' violations of the NYLL's notice and recordkeeping requirements;

J.       Award Plaintiff his reasonable attorneys' fees and costs and disbursements in this action, including, but not limited to, any accountants' or experts' fees;

K.       Grant Plaintiff such other and further relief that the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:  Flushing, New York

June 14, 2019

Respectfully submitted,

By: *Baya W. Harrison*
Baya W. Harrison, Esq.
New York Bar: 5678610
The Harrison Law Firm P.C.
38-08 Union Street, Suite 11A, Flushing, NY 11354
Tel: (866) 943-2692
Fax: (866) 943-2692
Email: bwh@heboya.com
Attorney for Plaintiff

18