**The Harrison Law Firm P.C.**
38-08 Union Street, Suite 11A, Flushing, NY 11354 | (866) 943-2692 | bwh@heboya.com

---

Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY 11201

Via CM/ECF

November 8, 2019

Re:   Zhou v. Wai Realty Corp. et al.
      Case No: 1:19-cv-3537

Your Honor:

This law firm represents Plaintiff Baomin Zhou in the above-referenced matter. We submit this letter, together with Defendants' counsel, to request that this Court approve the settlement reached between Plaintiff and Defendants Wai Realty Corp., Queen's Jade, Inc., John Wai, and Ding Wai ("Defendants" and together with Plaintiff, the "Parties").

The Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a mediation through the Court's mediation program before Patrick McKenna. The proposed Agreement is attached hereto as **Exhibit A**. We ask the Court to approve the settlement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

The Parties represent to the Court that while the Plaintiff believes that the settlement amount is less than what Plaintiff would be entitled to if he prevailed at trial, the settlement is fair, as discussed herein.

**<u>Background</u>**

Defendants employed Plaintiff to work as a superintendent at 41-40 Parsons Boulevard, Flushing, New York, 11355.

Plaintiff alleges that Defendants hired Plaintiff on June 1, 2016. From June 1, 2016 through October 30, 2018, Defendants paid Plaintiff a fixed wage of $2,000 per month. From October 31, 2018 through April 8, 2019, Defendants paid Plaintiff a fixed wage of $2,200 per month. Plaintiff's last day of work for Defendants was April 8, 2019. Plaintiff alleges that during the term of his employment, when Defendants did not require Plaintiff to perform the large renovation projects described below, Plaintiff worked at least 8 hours every day for at least 6 days every week, but that Defendants did not pay Plaintiff any overtime wages for Plaintiff's work over 40 hours per week.

Plaintiff further alleges that as a mandatory part of Plaintiff's regular job duties, Defendants required Plaintiff to perform handyman and contractor work at apartment buildings that Defendants owned. Plaintiff performed these projects at Defendants' direction and for the benefit of Defendants and Defendants' properties. During the term of Plaintiff's employment, Defendants required Plaintiff to perform the following large-scale renovation projects.

- Beginning in February 2017, Defendants required Plaintiff to work for 35 days in a row with no days off from 8 a.m. to 5 p.m. performing renovations at apartment 312 at 42-30 Union Street, Flushing, New York 11355.

Magistrate Judge Vera M. Scanlon
November 8, 2019
Page 3 of 8

- Beginning in May 2017, Defendants required Plaintiff to work for 35 days in a row with no days off from 8:00 a.m. to 6:00 p.m. performing renovations at apartment 1A at 41-40 Parsons Blvd., Flushing, NY 11355.

- At some time between May and November 2017, Defendants required Plaintiff to work for 14 days in a row with no days off for 10 hours per day performing renovations at apartment 3A at 41-40 Parsons Blvd., Flushing, NY 11355.

- At some time between May and November 2017, Defendants required Plaintiff to work for 7 days in a row with no days off for 10 hours per day performing renovations at apartment 6C at 41-40 Parsons Blvd., Flushing, NY 11355.

- At some time between May and November 2017, Defendants required Plaintiff to work for 14 days in a row with no days off for 10 hours per day performing renovations at apartment 6A at 41-40 Parsons Blvd., Flushing, NY 11355.

- At some time between May and November 2017, Defendants required Plaintiff to work for 7 days in a row with no days off for 10 hours per day performing renovations at apartment 5C at 41-40 Parsons Blvd., Flushing, NY 11355.

- At some time between May and November 2017, Defendants required Plaintiff to work for 14 days in a row with no days off for 10 hours per day performing renovations at apartment 5D at 41-40 Parsons Blvd., Flushing, NY 11355.

- In November 2017, Defendants required Plaintiff to work for 12 days in a row with no days off for ten hours per day performing renovations at unit 3J at 140-11 Ash Avenue, Flushing, New York 11355.

- In April 2018, Defendants required Plaintiff to work for 23 days in a row with no days off from 8:00 a.m. to 7:00 p.m. every day performing renovations at unit 1A at 46-06 Smart St., Flushing, New York 11355.

- In June 2018, Defendants required Plaintiff to work for 25 days in a row with no days off from 8:00 a.m. to 7:00 p.m. every day performing renovations at unit 4F at 46-06 Smart St., Flushing, New York 11355.

- For each of these renovation projects, Defendants did not pay Plaintiff any amount above his regular fixed monthly wage.

For each of these renovation projects, Defendants did not pay Plaintiff any overtime wages for the time Plaintiff worked more than 40 hours in a given week.

Plaintiff alleged that Plaintiff frequently worked more than ten hours in a single day but Defendants never paid Plaintiff the required spread of hours payment. Defendants failed to provide Plaintiff with a Time of Hire Notice in English and in Mandarin Chinese (Plaintiff's primary language) containing Plaintiff's rate or rates of pay and the basis thereof and other information required by N.Y. Lab. Law § 195(1). Defendants also failed to provide Plaintiff with an accurate statement of wages containing Plaintiff's wages and other information required by N.Y. Lab. Law § 195(3).

Plaintiff brought this action seeking to recover unpaid minimum wages, overtime wages, spread of hours, liquidated damages, statutory damages, interest, attorney's fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, N.Y. Lab. Law § 1 et seq.

Defendants denied Plaintiff's allegations and possess documents that they allege support their position. Defendants produced documents showing that Plaintiff was paid at least partially for some of the time work for which Plaintiff alleges he was not paid. Defendants indicated that Plaintiff's initial calculation of damages was incorrect because Plaintiff calculated his damages based on the standard applicable to employers of at least 10 employees, whereas Defendants indicated they employed fewer than 10 employees. Defendants asserted that the documents they produced demonstrated that the additional alteration work that Plaintiff performed was done on a separate contract basis. Defendants also identified witnesses who would testify that the alteration work that Plaintiff performed was not required as part of Plaintiff's employment and was

therefore not subject to the FLSA or NYLL. After weighing the uncertainty of trial and costs of further litigation, the Parties have reached an agreement at an early stage.

**Settlement**

The Parties have agreed to resolve this action for the total sum of $54,000. Plaintiff previously estimated that, in a best case scenario, Plaintiff would be entitled to approximately $97,164 in minimum and overtime damages, spread of hours damages, liquidated damages, and statutory damages. However, Defendants estimate that if they were to succeed, Plaintiff would be entitled to a minor amount, if anything at all.

Of the total settlement amount, $47,000.00 will be paid to Plaintiff. The remaining $7,000.00 will be applied as attorney's fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quoting Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (quoting Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the

parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F. Supp. 2d at 225 (quoting Medley v. Am. Cancer Soc'y, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement at issue is fair to the Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action at an early stage of litigation, without incurring the costs, delay, and encumbrance of lengthy litigation and trial. The $54,000 being paid is close to a feasible estimate of Plaintiff's recovery at trial, and the $47,000 that Plaintiff will receive after attorney's fees accounts for a significant portion of any alleged unpaid minimum and overtime wages that Plaintiff could have potentially recovered at trial. The recovery is also well over what the Plaintiff would recover if Defendants were to successfully prove that Defendants paid Plaintiff in accordance with the law. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel, and there is no possibility of fraud or collusion, as the Parties settled at a settlement conference conducted by a mediator through the Court's mediation program.

**The Plaintiff's Attorney's Fees are Fair and Reasonable**

Pursuant to the settlement, Plaintiff's counsel will receive $7,000 from the settlement fund as attorney's fees and costs. Pursuant to the retainer agreement between Plaintiff and Plaintiff's counsel, Plaintiff is required to pay Plaintiff's counsel at the rate of $250 per hour if Plaintiff receives compensation from Defendants. Plaintiff's counsel's fee is not calculated as a percentage of Plaintiff's recovery. Moreover, the $7,000 that Plaintiff's counsel will receive

from the settlement represents a discount of approximately $2,500 from the actual amount of time that Plaintiff's counsel will have expended on this case by the time it is concluded. As a result, Plaintiff will receive 87% of the total settlement funds. Plaintiff is not obligated to pay Plaintiff's counsel any amount beyond the $7,000 provided for in the settlement agreement. Plaintiff's counsel has been licensed in Florida since December 2014 and in New York since January 2019, during which time Plaintiff's counsel has primarily practiced civil litigation. Plaintiff's counsel can fluently read, write, and speak Plaintiff's native language, Mandarin Chinese, and can communicate with Plaintiff regarding every aspect of this case without a translator. Plaintiff's attorney's time records are attached hereto as **Exhibit B**.

Given that Courts in this Circuit typically uphold attorneys' fees awards of 33%, the amount provided to Plaintiff's counsel under the settlement is fair and reasonable. See <u>Calle v. Elite Specialty Coatings Plus, Inc.</u>, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable.

**Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on Plaintiff's approval. Plaintiff's interests have thus been adequately safeguarded.

In full consideration of the issues presented in <u>Cheeks</u>, the Parties and their counsel believe that the settlement agreement is fair and reasonable and that the settlement should be

Magistrate Judge Vera M. Scanlon
November 8, 2019
Page 8 of 8

approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon the receipt of confirmation from the Court that the settlement has been approved.

      Thank you for your consideration.

                                        Respectfully submitted,

                                        */s/ Baya W. Harrison*
                                        Baya W. Harrison, Esq.
                                        The Harrison Law Firm P.C.
                                        Attorney for Plaintiff

cc.      Andrew Kimler, Esq. (via ECF)
         Avrohom Gefen, Esq. (via ECF)
         Attorneys for Defendants