UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAOMIN ZHOU,<br><br>                                    Plaintiff,<br><br>            -against-<br><br>WAI REALTY CORP., QUEEN'S JADE, INC., JOHN WAI and DING WAI,<br><br>                                    Defendants. | Case No.<br>1:19-cv-03537(AMD)(VMS)<br><br>**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS** |

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiff Baomin Zhou ("Plaintiff") on the one hand, and Wai Realty Corp. and Queen's Jade, Inc. (collectively, the "Defendant Corporations"), and John Wai and Ding Wai (the "Individual Defendants," and together with the Defendant Corporations "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 19-cv-03537, (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Payment**: Defendants shall pay or cause to be paid to Plaintiff within thirty (30) days after the Court's approval of this Agreement and receipt by Defendants' attorney of a duly executed IRS W-9 from the Plaintiff's attorney, and subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement (each such claim a "Released Claim"), including all counsel fees and costs incurred by Plaintiff, the gross sum of Fifty-four Thousand Dollars ($54,000.00) (the "Negotiated Settlement Amount") to be paid to Plaintiff and Plaintiff's attorney as follows:

(A) one check in the amount of FORTY-SEVEN THOUSAND and no/100 ($47,000.00) DOLLARS made payable to Baomin Zhou; and

(B) one check in the amount of SEVEN THOUSAND and no/100 ($7,000.00) DOLLARS made payable to The Harrison Law Firm, P.C.

The payments set forth above shall be delivered to the office of The Harrison Law Firm, P.C., to the attention of Baya Harrison, at 38-08 Union Street, Suite 11A, Flushing, New York 11354.

2. Plaintiff and Plaintiff's counsel shall be solely responsible for any taxes resulting from the payments received under this Settlement Agreement that are not subject to withholding by the Defendants.

2

### 3. Releases

(a) **Release by Plaintiff.** Plaintiff is no longer an employee of the Defendants. Plaintiff knowingly and voluntarily releases and forever discharge Defendants, and any of their current or former predecessors or successors, or former or current related corporations, partners, affiliates, subsidiaries, divisions, successors and assigns thereof, officers, directors and agents (the "Releasees") of and from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, interest, and/or statutory penalties) purportedly owed to Plaintiff under the FLSA, NYLL, or any other law, regulation, or ordinance regulating the payment of wages, recordkeeping requirements under the FLSA or NYLL, and the provision of documents to employees under the FLSA or NYLL, which Plaintiff, his heirs, executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action. Nothing herein contained shall constitute a release by Plaintiff of any claims as to which the law prohibits a release.

(b) Plaintiff hereby authorizes and directs his attorney, upon his execution of this Agreement, to execute and file with the United States District Court for the Eastern District of New York, a Stipulation of Discontinuance with Prejudice in this Action. Such Stipulation shall be filed by counsel for Plaintiff within ten (10) days of Plaintiff's attorney receiving the payments required by Section "1" of this Agreement.

(c) Plaintiff hereby authorizes and directs his attorney to dismiss the Action with prejudice.

4. **No Admission of Wrongdoing**: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. **Modification of the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

6. **Acknowledgment**: Plaintiff and Defendants acknowledge that they have been fully and fairly represented by counsel in this matter, and have consulted with counsel for the purpose of this Agreement. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7. **Notices**: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following priority mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:   The Harrison Law Firm, P.C.
                38-08 Union Street, Suite 11A
                Flushing, New York 11354
                bwh@heboya.com
                Tel. (866) 943-2692
                Fax (866) 943-2692

To Defendants: Andrew A. Kimler, Esq.
               Vishnick McGovern Milizio LLP
               3000 Marcus Ave., Suite 1E9
               Lake Success, NY 11042
               Tel:    516-437-4385 x. 119
               Email: akimler@vmmlegal.com

4

8. **Governing Law**: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York, County of Queens in any subsequent proceeding to enforce this Agreement.

9. **Severability**: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10. **Release Notification**: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Baya Harrison, Esq. of the Harrison Law Firm, P.C., and Baya Harrison, Esq. acknowledges that he has translated the terms herein to the Plaintiff. Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorney. Plaintiff confirms that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11. **Covenant Not to Sue**: Plaintiff hereby covenants and agrees not to sue, commence, prosecute and continue any other proceeding or complaint or accept any relief individually or as a

5

member of a class, against Defendants or Releasees based on any claims that are referred to in paragraph 3 of this Agreement. Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding in which Defendants or any other Releasee identified in this Agreement are a party based on any claims that are referred in paragraph 3 of this Agreement. Plaintiff waives any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiff or anyone else on Plaintiff's behalf based on any claims referred to in paragraph 3 of this Agreement. As of the date of execution of this Agreement, Plaintiff is unaware of any individual(s) who is ready, willing and able to file a civil action for damages, or otherwise proceed in any manner, against Defendants or Releasees as defined herein, including all related entities/individuals noted in paragraph 3, for any of the type of claims asserted in the Complaint filed in this Action.

12. **Accord and Satisfaction**: Should any action or proceeding be instituted by the Plaintiff with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal of the subsequent action.

13. **No Assignment**: Plaintiff represents and warrants that he has not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

14. **Entire Agreement**: This Agreement and all attachments constitute the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the

Parties shall be deemed merged into and superseded by this Agreement. There are no representations, warranties, understandings, or agreements other than those expressly set forth in this Agreement.

15. **Waiver**: Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

16. **Modification**: This Agreement and Release may not be modified, altered or otherwise changed except by a written agreement signed and notarized by the affected by the modification, alteration, or change.

17. **Binding Effect**: This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors, and assigns of the respective Parties.

18. **Construction**: The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

19. **Attorneys' Fees and Costs**: Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation. However, the prevailing Party shall be entitled to recover all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

20. **Fair and Reasonable Settlement**: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made

in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

21. **Counterparts**: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

Dated: 11/6/2019, 2019

Plaintiff

_____ Date: 11-6-19
Baomin Zhou

Defendants:

WAI REALTY CORP.

By: _____ Date: 11-6-19
     John Wai, President

QUEEN'S JADE, INC.

By: _____ Date: 11-6-19
     John Wai, President

_____ Date: 11-6-19
John Wai

_____ Date: 11-6-19
Ding Wai

8